IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| DOUGLAS BROWN, PRO SE, <br> TDCJ-CID # 346314, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY WASHINGTON, Sergeant, <br> NIKOLAS BALDERAZ, CO III, <br> JOHNNY F. SANDOVAL, CO IV, and <br> TONY L. ESTEP, Sergeant, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:06-CV-0122 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff DOUGLAS BROWN, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and was granted permission to proceed *in forma pauperis*.

Plaintiff complains that on August 3, 2005, defendant WASHINGTON confiscated his identity card and, when plaintiff later inquired of defendants BALDERAZ and SANDOVAL as to its return, they subjected him to an unnecessary and excessive use of force. Plaintiff says he is suing defendant WASHINGTON for "set[ting] in motion [the] 'chain of events leading up to the assault;" defendants BALDERAZ and SANDOVAL for excessive force; and defendant ESTEP for having heightened the probability of assault by being absent from his post when defendants BALDERAZ and SANDOVAL called for a video camera. Plaintiff alleges he sustained multiple

physical injuries and suffered emotional injury when he lost class and goodtime as a result of the disciplinary case written him by defendant BALDERAZ to hide the violation of plaintiff's Eighth Amendment rights.

Plaintiff requests unspecified declaratory and injunctive relief, as well as $5,000,000.00 in compensatory and punitive damages, as well as costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Plaintiff attached to his November 21, 2006 response to the Court's Briefing Order Questionnaire, a Disciplinary Hearing Report on his disciplinary case from defendant BALDERAZ based on the complained-of incident. The report shows plaintiff was charged and found guilty of having failed to obey the order to stay against the wall and attempting to assault defendant BALDERAZ by stepping toward him in an aggressive manner with his fists clinched. Plaintiff maintains he did not come off the wall and that the use of force was entirely unnecessary and, therefore, excessive. Plaintiff's account of the incident forming the basis of his complaint directly contradicts the disciplinary case written against plaintiff.

A favorable decision concerning the claims advanced in this cause would call into doubt the validity of the challenged disciplinary case. Any section 1983 claim which attacks the unconstitutionality of a conviction or sentence does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994)(section 1983 complainant sought money damages based upon alleged unlawful acts by law enforcement officials that had led to the plaintiff's arrest and conviction); *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). In *Edwards v. Balisok*, the Supreme Court extended the application of the *Heck* doctrine to the prison disciplinary setting. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997).

By his response to Question no. 9 of the Court's Questionnaire, plaintiff states his disciplinary case was never reversed on appeal or called into question by a federal habeas action. Plaintiff has never received a favorable termination of the challenged disciplinary case.

Plaintiff's use of force claims asserted in the instant cause clearly fall within the scope of *Heck* and are barred until plaintiff can fulfill the *Heck* requirement. Consequently, plaintiff's claims lack an arguable legal basis and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Additionally, plaintiff alleges in vague and conclusory fashion, that he was denied medical attention for his injuries after the incident. By the Briefing Order Questionnaire, the inquired for specifics concerning this claim. By his November 21, 2006 response to question no. 11, plaintiff informs the Court he was denied medical attention by nurses at the infirmary on August 3rd, the date of the incident, and again on August 12th.

By his own allegation, the defendants or other prison personnel took plaintiff to the infirmary for medical care. At most, plaintiff has alleged negligence by one or more non-defendant nurses; however, negligent medical care will not support a claim under section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Even if plaintiff had named these nurses as defendants, he has utterly failed to state a claim against them on which relief can be granted.

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, AS FRIVOLOUS AND WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK*

CONDITIONS ARE MET.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.  The Clerk will also mail a copy to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   29th   day of November, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE